**CLEARY, ALFIERI & JONES**
Attorneys at Law
Lakeview Professional Building
5 Ravine Drive
PO Box 533
Matawan, New Jersey 07747
(732) 583-7474
Attorneys for Defendant Ilene Van Duyne
LGJ - 1156

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## VICINAGE OF TRENTON

|  |  |
|---|---|
| MARY BETH BYRNE, | : Civil Action No. 06cv5184 (JAP) |
| Plaintiff, | |
| vs. | |
| MONMOUTH COUNTY DEPARTMENT OF HEALTH CARE FACILITIES, ILENE VAN DUYNE, ROBYN SNYDER and JOHN DOES 1 TO 5, | |
| Defendants, | |

## BRIEF IN SUPPORT OF NOTICE OF MOTION
## TO BAR PLAINTIFF'S EXPERT REPORT

**CLEARY, ALFIERI & JONES**
Lakeview Professional Building
5 Ravine Drive
Matawan, New Jersey 07747
(732) 583-7474
Attorneys for Defendant Ilene Van Duyne

Of Counsel:
Linda Grasso-Jones, Esq.
On the Brief:
Kathleen M. Newsham, Esq.

## <u>TABLE OF CONTENTS</u>

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      POINT I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      **PLAINTIFF'S EXPERT REPORT OF JAMES R. CARROLL, CPA, SHOULD BE BARRED AS PLAINTIFF HAS FAILED TO COMPLY WITH FED. R. CIV. P. 26(a)1(A)(ii), 26(a)(1)(A)(iii) and 26(a)2(B).**

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF CITATIONS

**Cases**                                                                                              **Page**

ABB Air Preheater Inc. v. Regenrative Environmental Equipment Co.
167 F.R.D. 668 (D.N.J. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6


Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

Lithuanian Commerce Corp. v. Sara Lee Hosiery,177 F.R.D. 245, 254 (D.N.J.
1997)vacated in part, on other grounds, 179 F.R.D. 450 (D.N.J. 1998). . . . . . . . . . . .  6


**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 26(a)1(A)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 26(a)1(A)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,6

Fed. R. Civ. P. 26(a)2(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,6

2

## I.  **PRELIMINARY STATEMENT**

This matter arises out of the termination of Plaintiff, Mary Beth Byrne ("Plaintiff"), from her employment with Defendant, Monmouth County Department of Health Care Facilities. Plaintiff filed suit in this Court on or about October 28, 2006 alleging discrimination against various defendants, based upon 42 U.S.C. § 121001, The American with Disabilities Act of 1990 and N.J.S.A. 10:5-1, et seq., New Jersey Law Against Discrimination.  Plaintiff is seeking compensatory, punitive and incidental damages in excess of $612,000.00.

Within Plaintiff's Initial Disclosures, Plaintiff indicates she is seeking lost wages and lost benefits from the period of discharge to the present. (See Exhibit A attached to Linda Grasso Jones, Esq. Certification). However at Plaintiff's deposition on July 18, 2007, Plaintiff refused to identify her current employer and Plaintiff's Counsel refused to provide the name or location of Plaintiff's current employer. (See Exhibit B attached to Linda Grasso Jones, Esq. Certification).  Plaintiff has failed to provide any documentation relating to her current employment, her current salary and wages or her benefits. Notwithstanding her failure to disclose this information, Plaintiff has submitted a report of James J. Carroll, CPA dated October 23, 2007 wherein he values her damages in excess of $612,000.00. (See Exhibit C attached to Linda Grasso Jones, Esq. Certification).   Although, Mr. Carroll's report reveals that he had access to and reviewed several sources of information, including Plaintiff's current employment information and benefit information, this information has never been provided to the Defendant(s).  Defendant, Monmouth County Department of Health Care Facilities

3

submitted an expert report authored by Randall M. Paulkins, CPA and Robert J. Brown, CPA., analyzing the report of Mr. Carroll, which this office received on November 26, 2007.  A review of the report reveals that Defendant's experts opine that Mr. Carroll's report contains significant unanswered questions, inconsistencies and math errors.

As such and pursuant to Fed. R. Civ. P. 26(a)1(A)(ii),(iii) and 26(a)2(B) it is respectfully asserted that the Court should bar the introduction of Mr. Carroll's report, testimony or other evidence demonstrating Plaintiff's lost wage claim and lost benefits claim.

## II.   LEGAL ARGUMENT

**PLAINTIFF'S EXPERT REPORT OF JAMES R. CARROLL, CPA, SHOULD BE BARRED AS PLAINTIFF HAS FAILED TO COMPLY WITH FED. R. CIV. P. 26(a)1(A)(ii), 26(a)(1)(A)(iii) and 26(a)2(B).**

The expert report of James R. Carroll should be barred as Plaintiff has failed to comply with FED. R. CIV. P. 26(a)1(A)(ii), 26(a)(1)(A)(iii)and 26(a)2(B).

Federal Rule of Civil Procedure 26 outlines the obligation of a party concerning required initial disclosures and disclosure of expert testimony. In relevant part, Fed. R. Civ. P. 26(a)1(A)(ii) and (iii) provides that a party must, without awaiting a discovery request, provide to the other parties:

(ii) a copy of all documents, electronically stored information, and tangible things that the disclosing party has in it's possession, custody or control and may use to support its claims or defenses,...

(iii) a computation of each category of damages claimed by the disclosing party - **who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation**

4

**is based, including materials bearing on the nature and extent of injuries suffered. (Emphasis added).**

Fed. R. Civ. P. 26 (a)2(B) pertains to the disclosure of an expert's written report and provides that...

(B)... this disclosure must be accompanied by a written report... the report must contain (ii) the data or other information considered by the witness in forming them [opinion].

Fed. R. Civ. P. 26 requires parties in an action to disclose the names of individuals with discoverable information, a copy of documents that may support claims or defenses, and the identify of any witnesses retained to provide expert testimony. Based upon this rule Plaintiff is obligated to disclose any and all information and documents to support her claim of damages, specifically her loss of wage claim and loss of benefit claim.  Furthermore, pursuant to Fed. R. Civ. P. 26 (a)2(B) Plaintiff is obligated to provide all data or information considered by her expert within his report. Plaintiff has failed to provide all information or documents to support her claim for damages and has not provided the information that her expert has reviewed in the preparation of his report.

The purpose of requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources. See Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996). The requirements of this provision are to assist the court in "making rulings limiting or restricting expert testimony". See Id. at 429.

Potential sanctions for violating Fed. R. Civ. P. 26(a)(2)(B) may be severe given that "nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion". Reed at 430.  In order to preclude

5

expert testimony, the opposing party must be prejudiced.  <u>Lithuanian Commerce Corp.</u>
<u>v. Sara Lee Hosiery</u>, 177 F.R.D. 245, 254 (D.N.J. 1997) *vacated in part , on other*
*grounds,* <u>179 F.R.D. 450 (D.N.J. 1998)</u>.  Exclusion of evidence, although severe, is an
appropriate sanction where the failure to disclose or supplement the information is in
bad faith or the resultant prejudice to the opposing party cannot be cured.  <u>ABB Air</u>
<u>Preheater Inc. v. Regernative Environmental Equipment Co.</u> 167 F.R.D. 668, 671-672
(D.N.J. 1996).

In the within matter, Plaintiff asserts a damage claim in excess of $600,000.00
as submitted by Mr. Carroll.  Plaintiff has never provided the information in support of
her claims and in fact has withheld the same.  Defendants have been prejudiced by
having to guess how and why Plaintiff's expert has reached his conclusion.  Simply
providing, through Plaintiff's own self serving statements, the current wage and type of
employment that Plaintiff engages in is insufficient.  Defendants are left without an
avenue to verify any of the findings set forth in Plaintiff's report and are unable to
properly respond to the same.

Furthermore, Plaintiff's failure to disclose or supplement the information
supporting her damages claim is in bad faith as evidenced by the deposition of the
Plaintiff.  During her deposition on July 18, 2007, Plaintiff was asked where she was
employed and refused to answer the question.(See Exhibit B attached to Linda Grasso
Jones, Esq. Certification).  Instead Plaintiff's Counsel, by way of a speaking objection,
advised that the Plaintiff would be allowed to answer whatever questions with respect to
the type of work that she does, the hours that she has.  Plaintiff's counsel further

6

advised, on the record, that Defendant's would have to obtain a Court order for the actual name and location of Plaintiff's current employer. (See Exhibit B attached to Linda Grasso Jones, Esq. Certification)

Defendants have been severely prejudiced and have been unable to properly defend this matter as a result of Plaintiff's failure to provide all information pertaining to Plaintiff's alleged damages, including her claims for lost wages and lost benefits.

## **CONCLUSION**

For the above mentioned reasons, it is respectfully requested that Plaintiff's be barred from introducing at any pretrial proceeding, or at trial in this matter, the proposed expert testimony of James J. Carroll, C.P.A., along with any other records reflecting lost benefit, lost wages, or damage claims, or other evidence supporting Plaintiff's lost wage and/or lost profit claim.

Respectfully submitted,

LINDA GRASSO JONES

LGJ/ams

7