UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARY BETH BYRNE,** : | Civil Action No. 06-5184 (JAP) |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **M E M O R A N D U M** |
| **MONMOUTH COUNTY DEPT.** : | **O P I N I O N and O R D E R** |
| **OF HEALTH CARE FACILITIES, et al.** : | |
| : | |
| Defendants. : | |
| : | |

**HUGHES, U.S.M.J.**

**I.   INTRODUCTION**

This matter has come before the Court by Motion of Defendants' Illene Van Dyne and Robyn Snyder ("Defendants") to Bar the Expert Report of James R. Carroll [dkt. entry no.s 26 and 28], returnable January 7, 2008.  Plaintiff Mary Beth Byrne filed opposition to Defendants' motion on December 24, 2007.  Defendant Van Duyne filed a reply to Plaintiff's opposition on January 2, 2008.  The Court addressed this matter on the papers pursuant to Federal Rule of Civil Procedure 78.[1]

For the reasons stated herein, Defendants' Motion is denied.  In addition, Plaintiff must provide her current employment information to Defendants.  These documents, however, shall be filed under a protective order consistent with the within Order.

---

[1] Oral argument was originally scheduled for January 8, 2008 and then changed to January 29, 2008.  However, after reviewing the parties' submissions, the Court decided this matter pursuant to Fed. R. Civ. P. 78.  The January 29th oral argument is now scheduled as a conference call to discuss settlement, pending discovery issues, pending dispositive motions, and a date for the Final Pretrial Conference.

II.     BACKGROUND AND PROCEDURAL HISTORY

This litigation arises out of the termination of Plaintiff from her employment with Defendant Monmouth County Department of Health Care Facilities.  (Def.'s Van Duyne Br. at 3.)  Plaintiff filed suit on or around October 28, 2006 alleging discrimination against various Defendants.  *Id.*  Plaintiff is seeking compensatory, punitive, and incidental damages in excess of $612,000.  These damages include lost wages and lost benefits from the period of discharge to the present.

Plaintiff has submitted the proposed expert report of James J. Carroll, CPA.  *Id.*  Mr. Carroll values her damages in excess of $612,000.  In reaching this estimate, Mr. Carroll claims to have had access to and reviewed several sources of information, including Plaintiff's current employment and benefit information.  *Id.*  However, Defendants argue that Plaintiff has "refused to identify her current employer" and "Plaintiff's counsel has refused to provide the name or location of Plaintiff's current employer" at Plaintiff's deposition.  *Id.*

Defendants' experts Randall M. Paulkins, CPA and Robert J. Brown, CPA analyzed the . report of Mr. Carroll and concluded that the Carroll report contained "significant unanswered questions, inconsistencies, and math errors."  *Id.* at 4.  Thus, Defendants argue that the Court, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and (iii) as well as Rule 26(a)(2)(B), should preclude Mr. Carroll's report and trial testimony demonstrating Plaintiff's lose wage and lost benefits claims.  *Id.*

Plaintiff asks the Court to deny Defendants' request because she is afraid that if she discloses her current employer then the employer will learn that she has HIV/AIDS.  (*See* Byrne Cert. at 1.)  Plaintiff asks the Court, if disseminating her current employment information is

absolutely necessary, to place a very firm and strict Protective Order to prevent any abuse that might result from its dissemination.  *Id.* at 7.  Plaintiff also alleges that Defendants have acted in bad faith because they did not file this motion until December 5, 2007, despite the fact that there was a Pretrial Scheduling Order dated February 8, 2007 that stated "any discovery . . . disputes be brought to the Magistrate Judge's attention *immediately* by conference call with counsel." *Id.* (emphasis in original).

### III.   DISCUSSION

   A.   <u>Federal Rules of Civil Procedure 26(a)(1)(A)(ii)(iii)</u>

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and (iii) outlines a party's obligation concerning both initial disclosures and disclosures of expert testimony.  Pursuant to those rules, a party must, without awaiting a discovery request, provide to the other parties:

> (ii) a copy of all documents . . . and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, . . .
>
> (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, . . . unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

*See* Fed. R. Civ. P. 26(a)(1)(A)(ii)(iii).

   B.   <u>Federal Rule of Civil Procedure 26(a)(2)(B)</u>

In addition, Federal Rule 26(a)(2)(B), which addresses the disclosure of an expert's written report, provides that "this disclosure must be accompanied by a written report . . . the report must contain the (ii) data or other information considered by the witness in forming [the opinion]."

The purpose of requiring expert reports is to avoid unfair surprise during the course of litigation to the opposing parties in addition to conserving judicial resources. *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996). Potential sanctions for violation Rule 26(a)(2)(B) may be severe given that "nothing causes greater prejudice than to have to guess how and why an adversarial reached his or her conclusion." *See id.* at 430. Exclusion of evidence, however, is a severe sanction and warranted only in situations where the failure to disclose or supplement the information is in bad faith or the resultant prejudice to the opposing party cannot be cured. *ABB Air Preheater, Inc. v. Regenerative Environmental Equipment*, Co. 167 F.R.D. 688, 671-72 (D.N.J. 1996). The Third Circuit Court of Appeals, in a case dealing with spoliation stated that "three key considerations dictate whether drastic sanctions such as . . . suppression of evidence are warranted: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) wether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *See Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).

    C.    <u>Federal Rule of Civil Procedure 26(c)</u>

Moreover, Federal Rule 26(c) states that "[u]pon motion by a party from whom discovery is sought . . . the Court in the district where the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. Pro. 26(c). In *Pansy v. Borough of Stroudsburg*, the Circuit Court limited protective orders to those situation where good cause is found and an adequate record made. 23 F.3d 772 (3d Cir. 1994).

D.     Legal Analysis

The Court finds that precluding Mr. Carroll's testimony is an inappropriate and unnecessarily drastic sanction at this point in the litigation.  The Plaintiff did not act in bad faith, the Defendants have not suffered an incurable prejudice, and the Court is able to fashion a more appropriate sanction.

Defendants argue that Plaintiff has failed to satisfy either Rule 26(a)(1)(A)(ii)(iii) or Rule 26(a)(2)(B) because she has not provided all of the data or information considered by her expert within his report.  (Def.'s Van Duyne Br. at 5.)  Therefore, her expert's testimony should be stricken.  The Court disagrees.

Here, Plaintiff has not supplied her current work information to Defendants, despite the fact that Mr. Carroll relied on said information in his report.[2]  However, this failure by Plaintiff does not rise to the level of incurable prejudice.  Similarly, Plaintiff's refusal to answer questions regarding her current employment during her deposition was impermissible.  That erroneous decision, however, was not made in bad faith.  Rather, Plaintiff refused to answer questions because she was embarrassed and feared potential oppression if her current employer became aware of her medical condition.  Simply put, Plaintiff's actions do not warrant the extreme sanction of precluding Mr. Carroll's testimony.

Although preclusion is inappropriate, Defendants are not required to take Plaintiff's word with respect to her damages claim.  Defendants are entitled to the information that Mr. Carroll relied on in formulating his damages calculations.  Of course, the Court is mindful of Plaintiff's

---

[2] Plaintiff has since supplied the Court and parties with one of Plaintiff's recent pay stubs. (*See* Brennan Ltr. dated January 8, 2008.)

concerns regarding her personal medical condition; therefore, Plaintiff must disclose her current employment information that was given to Mr. Carroll, such as tax returns, her W-2 statements, and her pay stubs.  Furthermore, there appears to be no need to contact Plaintiff's current employer at this point; and therefore, her current employer's name will be redacted from all documents.  The Court further finds that Plaintiff's fear of embarrassment and loss of her current job constitute good cause as required by *Pansy*.

IV.     CONCLUSION

And the Court having reviewed the parties' submissions; and the Court having considered the parties' submissions pursuant to Fed. R. Civ. P. 78; and for good cause shown;

**IT IS** on this 9th day of January, 2008,

**ORDERED** that Defendants' Motion to Preclude the Trial Testimony and Expert Report of James J. Carroll, CPA is **DENIED** without prejudice; and it is

**FURTHER ORDERED** that Plaintiff supply all of her current employment information to Defendants, including pay stubs, W-2 forms, and tax returns, by **January 23, 2008**; and it is

**FURTHER ORDERED** that Plaintiff provide all of the above employment information in redacted form so as to not disclose the name of Plaintiff's current employer pursuant to Fed. R. Civ. P. 26(c); and it is

**FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 26(c), Defendants will have **no** contact with Plaintiff's current employer absent a further Order of the Court to be sought by formal notice of motion to Amend the Protective Order.

*/s/ John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: January 9, 2008**